

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

April 3, 1950

Hon. William N. Hensley
Criminal District Attorney
Bexar County
Court House
San Antonio 5, Texas

Opinion No. V-1028

Re: The authority of the
Commissioners' Court
to establish zoning
restrictions for the
area surrounding Kelly
Field.

Dear Sir:

Reference is made to your recent request which
reads in part as follows:

"We hereby request an interpretation
of the Airport Zoning Act, H.B. No.333, 50th
Legislature, Regular Session, P. 784, Art.
46e-1 to 46e-15 of Vernon's Annotated Civil
Statutes, and more especially to Section 1(1)
thereof wherein the term 'airport' is defined.
We need this in connection with a request
from Kelly Field to the Commissioners' Court
of Bexar County, Texas asking them to pass a
zoning ordinance under the terms of this Act
which would apply to the area surrounding
Kelly Field. This request has been referred
to us by the Commissioners' Court. . . .

"The 'owner' of Kelly Field does not per-
mit the use of said area by others. Air Force
Regulation No. 87-7, Section I, Paragraph 5.a.
(a copy of which is attached hereto as annex
1) reads as follows:

"'A. As a general rule, airports es-
tablished and designated by competent auth-
ority for the primary purpose of supporting
the operation of Air Force aircraft will not
be used to support the operation or mainte-
nance of commercial or private aircraft.'

"We made inquiry of the authorities at
the Field and determined that Kelly Field
operates under this general rule, and not
under the exceptions thereto which would

permit use of the field by others. This is made clear in the letter to us of March 2, 1950 by Col. Jacks, Acting Base Executive, a copy of which is attached hereto and marked 'Annex 2.'"

The letter to which you refer is as follows:

"In answer to question contained in your letter of February 16, 1950, as to whether or not Kelly Air Force Base operates under the general rule laid down in Air Force Regulation No. 87-7, Paragraph 5-a, this is to advise that such is the case. Exception made at this base to the policies and procedures set out in referenced regulation is only when directed by higher Headquarters or proper authority.

Subsection (1) of Article 46e-1, V.C.S., provides:

"(1) 'Airport' means any area of land or water, whether of public or private ownership, designed and set aside for the landing and taking off of aircraft and utilized or to be utilized in the interest of the public for such purposes. Such areas shall be deemed to be 'utilized in the interest of the public' when the owner thereof by contract, license or otherwise permits the use of such areas by others." (Emphasis added)

We are in accord with your opinion that the advantages of the Act in question were intended for the benefit of those airport installations which serve the public generally by permitting private and commercial planes other than those belonging to the owner thereof to use the facilities. Therefore, we do not believe that the word "airport" within the meaning of the above statute is sufficiently broad enough to include Kelly Field.

## SUMMARY

The word "airport" as used in Article 46e-1, V.C.S. does not include or apply to Kelly Air Force Base, which is an airport

or air base operated under the jurisdiction and regulations of the Department of the Air Force.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

By  *Bruce Allen*

Charles D. Mathews
Executive Assistant

Bruce Allen
Assistant

BA:mw